IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, on behalf of HILDA L. SOLIS, Secretary of Labor, Mine Safety and Health Administration | § § § § § | |
| Plaintiff, | § § | |
| v. | § § | EP-11-CA-282-FM |
| EFRAIN CORCHADO, Individually and d/b/a CORCHADO'S DIMENSIONAL FENCE ROCK, | § § § § § | |
| Defendant. | § | |

**ORDER GRANTING UNITED STATES' APPLICATION FOR DEFAULT JUDGMENT**

On this day, the court considered the United States of America's ("Plaintiff") "United States' Application for Entry of Default and Default Judgment" ("Application for Default") [ECF No. 9], filed on November 17, 2011.  In its Application for Default, Plaintiff requests the court to enter a default judgment pursuant to Federal Rule of Civil Procedure 55 ("Rule 55") against Efrain Corchado, individually and d/b/a Corchado's Dimensional Fence Rock ("Defendant"), who has failed to timely appear in this case.  After considering Plaintiff's Application for Default, the Record, and the applicable law, the court concludes that Plaintiff is entitled to default judgment, and therefore, the court will render a default judgment against Defendant in favor of Plaintiff.

**I.    BACKGROUND**

*A.    Procedural History*

Plaintiff filed its "Complaint" [ECF No. 1] on July 7, 2011.  On the same day, the Clerk

of Court issued a "Summons in a Civil Action" as to Defendant [ECF No. 3]. After multiple unsuccessful attempts to serve Defendant, Plaintiff filed its "Motion for Alternative Service" [ECF No. 4] on September 30, 2011. The court issued it's "Order Granting Motion for Alternative Service" [ECF No. 5] on October 5, 2011, authorizing Plaintiff to effect service on Defendant pursuant to Federal Rule of Civil Procedure 4(e)(2)(B) ("Rule 4(e)(2)(B)"). On October 7, 2011, service was effected on Defendant pursuant to Rule 4(e)(2)(B) [*see* ECF No. 6]. Defendant did not answer Plaintiff's Complaint within 21 days of service in accordance with Federal Rule of Civil Procedure 12,[1] and has not requested leave to file an out-of-time response.

      *B.*      *Plaintiff's Application for Default Judgment*

Plaintiff requests the court to grant default judgment on its claims for injunctive relief and to collect civil penalties owed by Defendant pursuant to the Mine Safety and Health Act of 1977, as Amended ("Mine Act"), Title 30, United States Code, Section 801, et seq. and the Federal Debt Collection Procedures Act, Title 28, United States Code, Section 3001, et. seq. Specifically, Plaintiff seeks to collect unpaid civil penalties assessed against Defendant for multiple violations of the Mine Act and associated health and safety standards. The total Defendant seeks to collect in its Application for Default is $44,353,73, which includes applicable pre-judgment interest and fees as authorized by Section 820(j) of the Mine Act, and Title 31, United States Code, Section 3711(d)(2), and Title 28, United States Code, Section 3011(a).

Plaintiff also seeks an order enjoining Defendant from violating, failing, or refusing to comply with any order or decision, including a civil penalty assessment order, that is under or

---

[1] Unless a different time is prescribed by federal statute, a defendant shall serve an answer "within 21 days after being served with the summons and complaint." Fed. R. Civ. P. 12(a)(1)(A)(I).

issued under the Mine Act.

Plaintiff contends that it is entitled to a default judgment because Defendant did not file an answer or any responsive pleading within 21 days of being served with the summonses. Plaintiff avers that Defendant is not a minor, incompetent, or in military service.

## II.     APPLICABLE LAW

Pursuant to Rule 55, an entry of default is a condition precedent to a default judgment.[2] A default judgment "establishes the defendant's liability."[3]  "[T]he plaintiff's well-pleaded factual allegations are taken as true, except regarding damages."[4]  A default judgment will only be rendered if there is "a sufficient basis in the pleadings for the judgment entered."[5]

## III.    DISCUSSION

On November 18, 2011, the Clerk of the Court entered its "Entry of Default" [ECF No. 10] pursuant to Plaintiff's request.  Defendant's failure to answer Plaintiff's Complaint serves as an admission to the facts alleged therein.  Plaintiff alleges that Defendant was a sole proprietor in the business of mining broken and crushed stone at Vista Rock Pickers Quarry ("Mine"), located in El Paso County, Texas.  Plaintiff alleges that Defendant was at all relevant times an "operator" of a "coal or other mine" as defined under Sections 802(d) and 803 (h) of the Mine Act, and that Plaintiff was at all relevant times an "agent" in respect to the Mine and its operations as defined

---

[2] *See New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996).

[3] *United States for Use of M-CO Constr., Inc. v. Shipco Gen., Inc.*, 814 F.2d 1011, 1014 (5th Cir. 1987).

[4] *Id.* (citations omitted).

[5] *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).

under Section 802(e) of the Mine Act. Plaintiff further alleges that at all times relevant to the Complaint, the products of Defendant's mining operations entered commerce or the products or operations affected commerce, per Section 803 of the Mine Act.

Plaintiff alleges that from 2002 to 2010, the Mine Safety and Health Administration ("MSHA") issued 40 civil citations and penalties to Defendant for violations of the Mine Act and health and standards issued under the Act.[6] Plaintiff alleges that the citations and penalties constitute final orders per Section 815(a) of the Mine Act.

Plaintiff alleges that Defendant owes approximately $33,979.25 in civil penalties, including interest and fees assessed since 2006, and that Defendant has failed to pay this amount. Plaintiff alleges that Defendant is liable for these assessed unpaid penalties under Section 820(j) of the mine act because he is the operator of the Mine for which the citations issued and an agent for Corchado's Dimensional Fence Rock.

Taking Plaintiff's allegations as true, the court finds that Plaintiff is entitled to a judgment against Defendant for the injunction requested and to recover unpaid civil penalties and applicable interest and fees. Pursuant to the Mine Act, the Secretary of the MSHA is authorized to assess civil penalties against a owner or agent who violates provisions of the Mine Act or implementing regulations.[7] The Secretary is not required to make findings of fact in assessing such penalties.[8] If a mine operator or agent receives a citation and proposed penalty assessment

---

[6] Plaintiff states that it is not seeking to recover any penalties assessed prior to 2006. Compl. at 3.

[7] 30 U.S.C.§ 820(i).

[8] *Id.*

and fails to contest it within the statutory time frame, it becomes a final order, and as such is not subject to review by the court.[9]

The court may enter a judgment award in this case without a hearing because Plaintiff has submitted a detailed affidavit in support of it's claims for unpaid civil penalties, pre-judgment interest, and fees.[10]

However, the court will not award Plaintiff the amount requested in its Application for Default. Specifically, the court will not award a judgment for the unpaid civil penalty for $8,995.00 assessed on April 5, 2011, because Plaintiff did not plead for this relief in the Complaint.[11] Defendant's Complaint seeks approximately $33,979.25 in unpaid civil penalties (including pre-judgment interest and fees) assessed between 2006 and 2010. In contrast, Defendant's Application for Default requests a judgment for $45,353,73, including interest and fees, for civil penalties assessed from 2007 through 2011. The Federal Rules of Civil Procedure require that "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings."[12] Thus, the court awards Plaintiff only relief pled for in its Complaint.

---

[9] 30 U.S.C. § 815(a).

[10] *See United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979) (per curiam) (holding that a statutory damages award in a default judgment case is inappropriate "without a hearing or a demonstration by detailed affidavits establishing the necessary facts").

[11] *c.f. Ames v. Stat Fire Suppression, Inc.*, 227 F.R.D. 361, 361-62 (E.D.N.Y. 2005) (finding award of damages accrued during pendency of suit in default judgment proper because complaint included specific request for "such additional contributions . . . as may be determined to be justly due and owed to the Fund during the pendency of this action and before final judgment," and thus that defendants had notice plaintiffs were seeking such damages).

[12] Fed. R. Civ. P. 54.

IV.     **CONCLUSION AND ORDERS**

1. The "United States' Application for Entry of Default and Default Judgment" [ECF No. 9] is **GRANTED**.

2. Efrain Corchado, individually and d/b/a Corchado's Dimensional Fence Rock is **LIABLE** to the United States of America in the amount of **$37,137.88**, which represents $32,355.00 in unpaid civil penalties plus $1,547.38 in pre-judgment interest pursuant to Title 30, United States Code, Section 820(j) plus $3,235.50 in surcharges for processing and handling the litigation and enforcement pursuant to Title 28, United States Code, Section 3011(a).

3. Post-judgment interest shall be applied to the above-referenced amount at the rate of point twelve percent (0.11%) per annum until paid in full, to be compounded annually pursuant to Title 28, United States Code, section 1961(b).

4. Efrain Corchado, individually and d/b/a Corchado's Dimensional Fence Rock is **PERMANENTLY ENJOINED** from violating, failing, or refusing to comply with any order or decision, including a civil penalty assessment order, that is issued under the Mine Act.

**SO ORDERED.**

**SIGNED** this **28th** day of **November**, **2011**.

_____
**FRANK MONTALVO**
**UNITED STATES DISTRICT JUDGE**